DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Berne Corp. and B & B Corp., | ) | |
| Twenty-one Queens Quarter, Inc., | ) | |
| Miller Properties, Inc., | ) | |
| Equivest St. Thomas, Inc., | ) | |
| Robert Schmidt, Kim Holdsworth, | ) | Civil Nos. 2000-141 |
| Robert Schmidt Development | ) | 2000-167 |
| Corp., and Dori P. Derr, The | ) | 2001-151 |
| Cyril V. Francois Associates, | ) | 2001-155 |
| LLC, Shell Seekers, Inc., | ) | 2001-181 |
| Charles W. Consolvo, Linda B. | ) | 2001-196 |
| Consolvo, Snegle Gade Associates | ) | 2001-197 |
| LP, Charles W. Consolvo as | ) | 2001-228 |
| Trustee of the Yvette B. | ) | 2002-057 |
| Lederberg Trust, Arthur B. | ) | |
| Choate, Stewart Loveland, and | ) | |
| Stacy Loveland, Elizabeth Sharp, | ) | |
| Lindon Corp., Gordon L. Coffelt, | ) | |
| Soraya Diase Coffelt, and One | ) | |
| Stop, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE VIRIGIN | ) | |
| ISLANDS, BERNADETTE WILLIAMS, in | ) | |
| her official capacity as Tax | ) | |
| Assessor, and the Board of Tax | ) | |
| Review, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For plaintiffs Berne Corp., B & B Corp., Miller Properties,*
    *Inc., Robert Schmidt, Robert Schmidt Development Corp., Kim*
    *Holdsworth, Dori P. Derr, and Elizabeth Sharp.*

**Soraya Diase-Coffelt, Esq.**
St. Thomas, U.S.V.I.
    *For plaintiffs Lindon Corp., Gordon L. Coffelt, Soraya*
    *Diase Coffelt, and One Stop, Inc.*

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 2

**David A. Bornn, Esq.**
St. Thomas, U.S.V.I.
    *For plaintiffs The Cyril V. Francois Associates, LLC and Twenty-One Queen Quarter, Inc.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

Before the Court is the motion by various commercial property owners who are the plaintiffs in this matter (together, the "Plaintiffs") for attorney's fees and costs incurred in monitoring and ensuring compliance with the Berne Settlement and the Court's Order of May 12, 2003.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action was initiated by owners of commercial real estate in the Virgin Islands subject to commercial real property taxes assessed by the Government of the Virgin Islands. Plaintiffs alleged violations of 48 U.S.C. § 1401 (repealed 2007) ("the 1936 Act"), which mandated that real estate tax assessments for the territories be at "actual value." They also alleged violations of the Revised Organic Act of 1954, 48 U.S.C. § 1541, and infringements of their procedural and substantive due process rights under the Fourteenth Amendment of the United States Constitution.  The Court preliminarily enjoined the

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 3

Government and tax assessor Roy Martin ("Martin") from assessing and collecting commercial property taxes in violation of the 1936 Act.

Following the Court's ruling, the parties negotiated a settlement (the "Berne Settlement"), which the Court approved on December 19, 2000. The Government agreed to implement a new real property tax assessment system pursuant to the Berne Settlement. Additionally, the parties stipulated to the selection of a Special Master. The Court subsequently approved the Special Master selected by the parties.

While the new assessment system was being implemented pursuant to the Berne Settlement, Equivest St. Thomas, Inc., successor to Bluebeard's Castle, Inc. ("Equivest"), moved for a preliminary injunction to enjoin the collection of its 2000 property tax bills. The Defendants agreed to extend the Berne Settlement to residential properties, and asserted their willingness to settle all of the newly filed cases.

The Government's subsequent settlement negotiations with Equivest proved fruitless. As a result, Equivest renewed its motion for a preliminary injunction. The Court scheduled a trial on the merits. On May 12, 2003, the Court found that the Defendants had materially breached the Berne Settlement and ordered that it be specifically performed. *Berne Corp. v. Gov't*

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 4

*of the V.I. (Berne II)*, 262 F. Supp. 2d. 540, 575 (D.V.I. 2003). Moreover, the Court issued a decree ("the May 12, 2003 Decree") enjoining the Defendants from requiring the payment of real property tax bills.

The Government issued real property tax bills for 2006. The Plaintiffs filed a motion for an order to show cause why the Defendants should not be held in contempt for violating the May 12, 2003 Decree.

The Court held a hearing on the Plaintiffs' motion. The Court issued an Order on September 11, 2008 (the "Contempt Order"), finding the Government in contempt of the May 12, 2003 Decree for its issuance of the 2006 tax bills in violation of the requirements of the injunction. The Government appealed the Contempt Order. The Third Circuit affirmed.

Subsequently, the Government moved to vacate or modify the Court's May 12, 2003 Decree and Order enjoining the collection of real property taxes at rates above the 1998 assessments. The Plaintiffs' argued that the Government was not yet in compliance with the Contempt Order. In hearings held on September 17, 2009, and October 15, 2009, the parties presented evidence about the functioning of the Board of Tax Review. The Court held that the Government would not be required to pay any contempt fine in connection with the Contempt Order.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 5

In a February 17, 2010 Memorandum Opinion and Order, the Court vacated its Order approving the Berne Settlement insofar as it required compliance with the Uniform Standards of Professional Appraisal Practice ("USPAP"). The Court also modified the May 12, 2003 Decree accordingly. The Court denied the Government's motion for modification or vacatur in all other respects.

The Plaintiffs moved for reimbursement of their fees and costs associated with monitoring the Government's compliance with the May 12, 2003, Order and the Berne Settlement. In a September 30, 2010, Order, this Court denied the Plaintiffs' motion for attorney's fees and costs incurred in monitoring and ensuring compliance with the Berne Settlement and the May 12, 2003 Decree, without prejudice. The Court also ordered that the parties either submit fee petitions by December 20 of any given year, or submit fee petitions at the close of the litigation, whichever event occurs later.[1]

---

[1] The Court noted that, "[i]n light of the ongoing nature of this litigation, the plaintiffs could potentially file several piecemeal fee petitions a year with respect to fees claimed in connection with monitoring of the defendants' compliance with the Berne Settlement and May 12, 2003 Decree." (Order, Sept. 30, 2010, ECF No. 585 at 4). The Court further noted that "'generally … status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way.'" *Id.* (quoting *Jenkins v. Missouri*, 127 F.3d 709, 714 (8th Cir. 1997)).

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 6

Subsequently, the Plaintiffs filed affirmations of counsel regarding fees in their monitoring of compliance with the May 12, 2003 Decree, as subsequently modified. The Plaintiffs sought attorney's fees in the aggregate amount of $134,305.50.

The Court encouraged the parties to resolve the fee issue without the necessity of a ruling by the Court. Thereafter, the Plaintiffs filed an informational notice to the Court that the parties had not been able to reach an agreement.

Thereafter, the Court determined from the bench that that there was no longer any need for continued monitoring of the operations of the Board of Tax Review. The Court memorialized its determination on July 21, 2011. The Court dismissed this action, retaining jurisdiction with respect to the pending fee applications.

## II. DISCUSSION

42 U.S.C. § 1988 ("Section 1988") provides that in an action to "enforce a provision of section . . . 1983 . . ., the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."   In light of Congress' authorization, attorney's fees are generally awarded to the prevailing party "absent special circumstances." *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 232 (3d Cir. 2008). Services

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 7

associated with post-judgment monitoring of a consent decree are reimbursable pursuant to Section 1988. *See Pennsylvania v. Delaware Valley Citizens' Council for Clear Air,* 478 U.S. 546 (1986).

## III. <u>ANALYSIS</u>

With respect to the fees incurred in connection with monitoring the Defendants' compliance with the Court's May 12, 2003 Decree during the period from July 1, 2009, to December 15, 2010, the Berne Corp., B & B Corp., Miller Properties, Inc., Robert Schmidt, Robert Schmidt Development Corp., Kim Holdsworth, Dori P. Derr, Shell Seekers, Inc., Charles W. Consolvo, Linda B. Consolvo, Snegle Gade Associates, LP, Charles W. Consolvo as Trustee of the Yvette B. Lederberg Trust, Arthur B. Choate, Stewart Loveland, Stacy Loveland, and Elizabeth Sharp (the "Berne Plaintiffs") seek $67,620 for 225.4 hours of work performed by counsel at a fee of $300.00 per hour. The Berne Plaintiffs seek $1,058.10 in costs. The Twenty-One Queens Quarters, Inc. Plaintiffs and C.V. Francois Associates Plaintiffs (the "Twenty-One Queens Quarters") and the C.V. Francois Associates Plaintiffs (the "Francois Plaintiffs") (collectively "the Francois Plaintiffs") seek $46,150 for work performed by counsel and staff at various rates.  The Francois Plaintiffs seek $22 in costs. Lindon Corp. and Gordon L. Coffelt

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 8

(the "Lindon Plaintiffs") seek $20,512.50 for 82.05 hours performed by counsel at a fee of $250.00 per hour.

## A. Entitlement to Fees for Post-Judgment Monitoring

Section 1988 allows for recovery of fees related to the post-judgment monitoring of a consent decree. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986). The Eighth Circuit has articulated the rationale for permitting such recovery:

> Complex civil rights cases seldom end with the grant of a permanent injunction. The injunction must be implemented, that process must be monitored, and lingering or new disputes over interpretation of the decree must often be presented to the court for resolution. These functions take time and effort by the prevailing party's attorney. Therefore, it is generally accepted that prevailing plaintiffs are entitled to post-judgment fee awards for legal services necessary for reasonable monitoring of the decree.

*Association for Retarded Citizens of North Dakota v. Schafer*, 83 F.3d 1008, 1010-11 (8th Cir. 1996)(hereafter "*Schafer*"), *cert. denied*, 519 U.S. 993 (1996).

In order for time spent on post-judgment monitoring to be included "in the calculation of a reasonable attorney's fee, the work must be 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Pennsylvania, et al. v. Delaware Valley Citizens' Council for*

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 9

*Clear Air*, 478 U.S. 546, 561 (1986). A court makes this determination by balancing the amount of effort against a party's overall success. *Schafer*, 83 F.3d at 1011. However, "when 'claims *distinctly different* from the underlying lawsuit' arise after resolution of the main civil rights issues, plaintiffs must prevail on those *unrelated* claims to be entitled to a fee award for the post-judgment work." *Id.* (quoting *Willie M. v. Hunt*, 732 F.2d 383, 386 (4th Cir. 1984)) (emphasis added). "Application of this standard is left to the discretion of the district judge." *Delaware Valley*, 478 U.S. at 561.

Here, the Plaintiffs brought the original complaint seeking an injunction to require the Defendants to assess the Plaintiffs' property values in accordance with applicable tax laws. Through the Berne Settlement and the original May 12, 2003 Decree, the Plaintiffs achieved many of the results they sought. The Plaintiffs further advanced their goals as the Defendants worked toward compliance with the Berne Settlement and May 12, 2003 Decree, as evidenced by the Court's various partial vacatur orders.

The Defendants argue that the work for which the Plaintiffs seek reimbursement does not constitute the type of post-judgment monitoring contemplated by Section 1988. They assert that the Plaintiffs' attorneys failed to "engage in any monitoring

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 10

activities that were useful and necessary for securing full enforcement of the decree." (Defs.' Opp. to Pls.' App. for Atty's Fees at 3, ECF No. 602) (citing *Alliance to End Repression v. City of Chicago*, 356 F.3d 767 (7th Cir. 2004)).

Defendants categorize Plaintiffs' activities as "(1) discovery and hearing in response to the Government's motion to lift or modify the non-vacated portion of [the] injunction (2) litigation regarding the Government's compliance with the Contempt Order post Third Circuit decision (3) litigation regarding the taking of Gloudemans' deposition (4) litigation regarding taking of the Special Master's deposition and [(5)] settlement discussions by the parties." (Defs.' Opp. to Pls.' App. for Atty's Fees at 4, ECF No. 602). The Court will discuss each of the categories in turn.

   1. *Responses to Government's Motion to Modify or Lift the Injunction*

The Plaintiffs seek reimbursement for their activities associated with responding to the Government's efforts to vacate or modify the non-vacated portion of the May 12, 2003 Decree.

The Defendants argue that the Plaintiffs are not entitled to attorney's fees for their activities in opposition to Defendants' attempts to modify the May 12, 2003 Decree because the "Plaintiffs aggressively opposed the Government's motion

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 11

even in instances where it was clear that the Government had met the requirements of the Decree."[2] (Defs.' Opp. to Pls.' App. for Atty's Fees at 9, ECF No. 602) (citing *Schafer*, 83 F.3d at 1011-12 ("Plaintiff could have acknowledged that those efforts appeared to provide full relief and engaged in relatively passive monitoring of the State's compliance… Instead, plaintiffs fought the State at every turn… But it was overkill in light of the State's persuasive evidence that the time had come to end the litigation…. This necessitates a reduced fee award…"); *Alliance to End Repression v. City of Chicago*, 356 F.3d at 769 (holding that the organization was not entitled to Section 1988 attorney's fees where it unsuccessfully opposed the city's motion to modify the consent decree and pointing out that the plaintiffs' attorneys "could not appropriate for themselves a guaranteed lifetime income by bringing and losing a series of

---

[2]     The Defendants also argue that the Plaintiffs' petition for post-February 17, 2010, attorney's fees in challenging the Government's efforts to modify the non-vacated portion of the May 12, 2003 Decree is premature, because the Court has not ruled on the Government's motion.

        Additionally, the Defendants argue that the Plaintiffs are not entitled to fees associated with responding to the Government's efforts to modify the May 12, 2003 Decree unless they "successfully oppose the Government's motion to lift or modify the injunction." (Defs.' Opp. to Pls.' App. for Atty's Fees at 8, ECF No. 602).

        The Court has since ruled on the Government's motion. The Plaintiffs were partially successful in opposing the motion. As such, the Defendants' arguments are moot.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 12

actions to enforce the decree and then charging the expense to the City…")).

In *Assoc. for Retarded Citizens of North Dakota v. Schafer*, 83 F.3d 1008 (8th Cir. 1996), advocates for special needs citizens in North Dakota filed a class action against the State of North Dakota. The advocates challenged programs and facilities for the mentally retarded. The trial court issued a permanent injunction that was affirmed by the Eighth Circuit on appeal. In a later determination, the Eighth Circuit held that portions of the injunction violated the Eleventh Amendment and the matter was remanded for a determination of compliance with federal law. The trial court then appointed a panel of special masters to evaluate the case and the need to continue it. The panel concluded that the injunction could be lifted and the case dismissed. The trial court adopted the panel's report and then awarded the advocates costs, attorney's fees, and expert fees for their work in opposing the State's motion to end the case. The State appealed. The Eighth Circuit reversed because the contested work was not reasonably undertaken. The Circuit found that the work was overkill in light of the pervasive evidence against continuation of the case.

In *Alliance to End Repression v. City of Chicago*, 356 F.3d 767 (7th Cir. 2004), two classes of plaintiffs brought suit

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 13

under 42 U.S.C.S. § 1983 against the United States and the City of Chicago. Before a trial was held, the defendants agreed to a consent decree. The trial court subsequently approved the consent decree. Fifteen years later, the City asked the trial court to modify the consent decree to make the restrictions on the City less onerous. The trial court refused. The City then appealed the trial court's decision. On appeal, the Seventh Circuit reversed the trial court's decision and remanded for modification.

On remand, the trial court modified the consent decree. The trial court also awarded attorney's fees for legal services rendered by the plaintiffs' attorneys in opposing the City's modification attempt. The defendants appealed to the Seventh Circuit. The Circuit noted that attorney's fee awards under Section 1983 were governed by Section 1988, which authorized such awards only to the prevailing party. The plaintiffs argued that, by obtaining the consent decree, they became the prevailing party for the entire life of the decree. The Circuit held that the post-judgment proceedings, which occurred 15 years after the consent decree went into effect, were clearly separable from the proceeding that led up to the entry of the decree. As such, the Circuit reversed the fee award.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 14

Here, the facts are distinguishable from those in *Schafer* and in *Alliance to End Repression*. In *Schafer*, it was obvious that the State was in compliance with the injunction and that time had come to end the litigation. Here, the Court ruled, on a number of occasions, that although the Government was making strides in the right direction, the May 12, 2003 Decree would not be completely vacated because the Government was not yet in compliance. Additionally, the Court ordered that it would "continue to monitor the Board of Tax Review on a biannual basis to determine whether the Defendants are in compliance with the May 12, 2003 Decree." (February 17, 2010, Partial Vacatur Order at 33, ECF No. 546); *see also* (September 11, 2008, Partial Vacatur Order at 3, ECF No. 438) (ordering that "the Court will continue to monitor the Board of Tax Review on a quarterly basis to determine whether the Defendants are in compliance with the May 12, 2003 Decree.") Unlike in *Schafer*, there is no risk of "creating a framework in which 'the decree institutionalizes the attorney, as well as the system.'" 83 F.3d at 1012 (quoting *Brewster v. Dukakis*, 786 F.2d 16, 18 (1st Cir. 1986)).

The risks discussed in *Alliance to End Repression* are similarly not present here. The May 12, 2003 Decree has now been completely vacated and the case closed. This is the Plaintiffs' only fee petition seeking post-judgment monitoring fees.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 15

Furthermore, the Plaintiffs have agreed that the instant fee petition is their last. As such, the Court finds that Plaintiffs' counsel are not seeking to "appropriate for themselves a guaranteed lifetime income," as did the attorneys in *Alliance to End Repression*. Additionally, unlike the post-judgment litigation in *Alliance to End Repression*, the Plaintiffs' monitoring efforts have been consistent since the Berne Settlement and the May 12, 2003 Decree, became effective. Therefore, there is no clear severability between the primary litigation and the subsequent monitoring activities. As such, the instant facts do not necessitate a reduced fee award for the Plaintiffs' monitoring activities.

The Plaintiffs also seek reimbursement for attorney's fees related to monitoring compliance with the Berne Settlement. The Defendants argue that the Plaintiffs are not entitled to reimbursement of such fees because the Berne Settlement was invalidated by this Court in its September 11, 2008, Partial Vacatur Order. That assertion is simply false. In its September 11, 2008, Order, the Court vacated the portion of the May 12, 2003 Decree that required real property taxes be assessed in compliance with the 1936 Act. Nowhere in the Order or in the related Memorandum Opinion did the Court invalidate the Berne Settlement. As such, the Defendants' argument is unpersuasive.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 16

The Defendants argue that, even if the Berne Settlement had not been invalidated, the Plaintiffs are nonetheless barred from reimbursement for monitoring fees. As support for this argument, the Defendants aver that the Special Master is the only individual who had the responsibility of monitoring implementation of any matters covered by the Berne Settlement or the May 12, 2003 Decree. The Defendants also contend that because the Special Master "concluded his monitoring in March of 2008 when he reported to the Court that the Virgin Islands' property tax system is credible and reliable and meets the requirements set forth in the Berne Agreement," there has been no further need for monitoring. (Defs.' Opp. to Pls.' App. for Atty's Fees at 5-6, ECF No. 602).

The Eighth Circuit addressed a similar issue in *Assoc. for Retarded Citizens of North Dakota v. Schafer*, 83 F.3d 1008 (8th Cir. 1996). In that case, advocates filed a class action against the State. The trial court issued a permanent injunction against programs and facilities for the mentally retarded. The State subsequently filed a motion to terminate the injunction. The district court appointed a Panel of Special Masters to consider the State's motion. After the Panel's review, the court lifted the injunction. The court awarded attorney's fees to the plaintiffs for their work in opposing the motion. The State

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 17

appealed the award. On appeal, the Eighth Circuit found that "[t]his procedure certainly called for reasonable post-judgment monitoring" because the "Plaintiffs could not simply walk away from the Panel's inquiry; the district court expected them to participate." *Id.* at 1011 (citing *Plyler v. Evatt*, 902 F.2d 273, 281 (4th Cir. 1990) (finding that "plaintiffs' counsel were under clear obligation to make the defensive effort," and in such situations, even largely unsuccessful efforts may be compensable)); *but cf. Alliance to End Repression*, 356 F.3d 767 (7th Cir. 2004) (disallowing attorney's fees for the plaintiff where the decree had been in force for 15 years when the City asked that it be modified, and thus the appointed monitor had the only monitoring obligation).

After a review of the record, it is evident that the Court expected regular and ongoing monitoring of the Defendants' compliance with the Berne Settlement. As in *Schafer*, it is not far-fetched to expect that the Plaintiffs would remain involved in this action and aid the Court in monitoring the Defendants' compliance with the Berne Settlement. As such, the Court finds that the Plaintiffs' monitoring activities were both "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Delaware Valley*, 478 U.S at 561 (internal quotations omitted).

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 18

      *2. Litigation Regarding Government's Compliance with Contempt Order*

      After the Third Circuit affirmed the Contempt Order, the Defendants filed two notices of compliance with the Contempt Order. The Plaintiffs filed a response to the Defendants' notices. The Plaintiffs "suggest[ed] that the Government is not yet in compliance with this Court's Order and that the tax bills have not yet been properly rescinded by the Government." (Pls.' Resp. to Defs.' Notice at 3, ECF No. 487). The Court ordered that "the Government will not be required to pay any contempt fine in connection with this Court's September 11, 2008 contempt Order." (Sept. 25, 2009, Order Discharging Fine at 4, ECF No. 515).

      The Plaintiffs now seek reimbursement of fees for time spent challenging the Defendants' compliance with the Contempt Order. The Defendants argue that, because the Plaintiffs were not successful, they are not entitled to attorney's fees for their efforts. As support for their contention, the Defendants rely on *Rolland v. Cellucci*, 151 F. Supp. 2d 145, 154 (D. Mass 2001) (holding that the time spent on unsuccessful post-judgment enforcement motions should not be compensated), and *Alliance to End Repression v. City of Chicago*, 356 F.3d 767, 773 (7th Cir. 2004).

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 19

Section 1988 precludes compensation for time spent on unsuccessful motions that are *unrelated* to the primary litigation. *See Schafer*, 83 F.3d at 1011 ("when 'claims distinctly different from the underlying lawsuit' arise after resolution of the main civil rights issues, plaintiffs must prevail on those unrelated claims to be entitled to a fee award for the post-judgment work.") With regard to "related" activities, "a district court has discretion to award fees to a prevailing party in consent decree litigation for work reasonably spent to monitor and enforce compliance with the decree, even as to matters in which it did not prevail." *San Francisco Assoc. for the Advancement of Colored People v. San Francisco Unified School District*, 284 F.3d 1163, 1166 (9th Cir. 2002).

The Plaintiffs' unsuccessful, *related* efforts do not preclude them from seeking reimbursement for monitoring fees. The Contempt Order flowed from the Government's failure to comply with its obligations under the May 12, 2003 Decree. The Plaintiffs' efforts to ensure the Government's compliance with the Contempt Order necessarily required monitoring the Government's compliance with the May 12, 2003 Decree. Indeed, the Plaintiff's efforts to ensure the Government's compliance

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 20

with the Contempt Order were directly related to monitoring the Government's compliance with the May 12, 2003 Decree.

The Plaintiffs also seek to recover fees for activities associated with the Government's motion for reconsideration of the Court's March 23, 2010, Order awarding attorney's fees and costs to the Plaintiffs for prevailing on appeal.[3] The Defendants argue that the Plaintiffs are not entitled to recover fees for opposing the Government's motion for reconsideration because, "[a]lthough Plaintiffs knew that the Government had filed an opposition to their request for attorney's fees on appeal, they nonetheless failed to inform the Court of this fact and opposed the motion and now seek fees associated with their frivolous opposition." (Defs.' Opp. to Pls.' App. for Atty's Fees at 9, ECF No. 602). The Defendants also argue that Plaintiffs are not entitled to fees because the Court "properly reconsidered" the award of attorney's fees. *Id*.

Granting the Plaintiffs' fee petitions for work done on the motion for reconsideration would allow a recovery due to a court oversight. The Court will exercise its discretion to deny the

---

[3] The Court issued the March 23, 2010 Order without considering the Government's timely filed opposition. After the Government filed a motion for reconsideration, the Court acknowledged that not considering the Government's opposition was an oversight.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 21

Plaintiffs' petition for fees associated with the motion for reconsideration.

The Plaintiffs also seek to recover fees associated with work on their Motion to Preclude Use of Evidence Not Previously Produced; Motion to Compel Production of Documents and for further Examination of Tax Assessor; Objection to Magistrate's Order; and Motion for Partial Reconsideration of the February 17, 2010, Order. The Defendants argue that, because the Plaintiffs were unsuccessful on these motions, the Court should not grant recovery of the related attorney's fees.

In considering whether Plaintiffs' lack of success on these motions bars recovery, the Court must determine whether the activities were related to the primary litigation. After reviewing the substance of the Plaintiffs' motions, the Court finds that the motions are directly related to the primary litigation. They all involve the Plaintiffs' efforts to monitor the Defendants' compliance with the Court's orders. As such, the Plaintiffs' lack of success on the particular motions is not dispositive. *See San Francisco Unified School District*, 284 F.3d at 1166 ("a district court has discretion to award fees to a prevailing party in consent decree litigation for work reasonably spent to monitor and enforce compliance with the decree, even as to matters in which it did not prevail.")

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 22

   *3. Deposition Related Fees*

   The Plaintiffs seek reimbursement for activities associated with the deposition of the Special Master and Robert Gloudemans ("Gloudemans"), Plaintiffs' prospective expert witness. The Defendants argue that such activities are not necessary, compensable monitoring activities because the Plaintiffs' only reason for seeking to take those depositions was to challenge the findings of the Special Master. As previously explained, the presence of a Special Master does not, in and of itself, preclude a party from reimbursement for post-judgment monitoring activities.

   The Tenth Circuit faced a similar issue in *Duran v. Carruthers*, 885 F.2d 1492 (10th Cir. 1989). That case involved a class action brought by prisoners under 42 U.S.C.S. § 1983 against various prison officials. The prison officials entered into a consent decree regarding the operation of a state prison. Thereafter, disputes arose over the degree of the officials' compliance with the decree. The trial court appointed a special master and a compliance monitor. The special master and the compliance monitor periodically filed reports to the court. Subsequently, the trial court awarded attorney's fees and costs to the prisoners under Section 1988 to cover the prisoners' monitoring of the officials' compliance and related work.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 23

On appeal, the Tenth Circuit affirmed the trial court's award. Finding that the prisoners had clearly prevailed in the litigation, the Circuit ruled that the award was not an abuse of discretion and was allowable under Section 1988. The Circuit also found that the appointment of a special master to monitor compliance did not render the prisoners' monitoring unnecessary or duplicative because they had a right to review and challenge the special master's findings.

Here, the Defendants argue that the Plaintiffs are not entitled to reimbursement of fees for attempting to depose the Special Master because the Plaintiffs sought to challenge the Special Master's findings. As in *Duran*, the Plaintiffs had a right to review and challenge the Special Master's findings. [4]

### 4. Settlement Discussions

The Plaintiffs seek reimbursement for activities associated with the parties' settlement attempt. The Defendants argue that, because the parties voluntarily agreed to engage in settlement discussions, and because the settlement was unsuccessful, there

---

[4] The Defendants also argue that the Plaintiffs should not be reimbursed for expenses associated with taking Gloudemans' deposition because Gloudemans was never retained by any of the Plaintiffs in this case. The Defendants contend that taking the deposition was "totally unnecessary and a waste of the parties' time and resources." (Defs.' Opp. to Pls.' App. for Atty's Fees at 6, ECF No. 602). After reviewing the substance of the Plaintiffs' motion, the Court finds that it is directly related to the primary litigation. The Court also finds that the motion was useful and necessary to secure the final result sought by the Plaintiffs.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 24

is no basis for awarding attorney's fees. The Court finds the Defendants' argument persuasive.

Courts generally favor voluntary settlement efforts. *See generally, Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 350 (3d Cir. 1986) ("'Voluntary settlement of civil controversies is in high judicial favor'")(quoting *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir. 1982)). Those efforts ordinarily may not even be properly presented by a party when seeking a merits-based judgment. *See generally, Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009)(explaining that "evidence of settlement discussions is inadmissible to prove the merit or lack of merit of a claim…") Assessing fees and costs against a party that voluntarily attempts to resolve a dispute without court involvement would be a disincentive to engage in such efforts. Moreover, it is not clear whether the Plaintiffs' participation in these efforts were useful and necessary to secure the final result obtained from the litigation. To the extent the Plaintiffs seek reimbursement for their settlement efforts, those fees will be excluded from any award.

**B. Reasonableness, Generally**

In making a fee determination "[t]he district court should review the time charged, decide whether the hours set out were

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 25

reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995)(quoting *Hensley* v. *Eckerhart,* 461 U.S. 424, 433-34 (1983)). Following a reasonable time charged determination, the district court must evaluate whether the hourly rate sought is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Typically, a reasonable hourly rate is assessed in light of prevailing market rates in the relevant community. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 179 (3d Cir. 2001). "The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Pub. Interest Group,* 51 F.3d at 1185. This amount, deemed the lodestar figure, serves as a presumptively reasonable fee. *Pennsylvania v. Del. Valley Citizens' Counsel,* 478 U.S. 546, 565 (1986).

After a prevailing party has met its burden by providing evidence supporting its fee request, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode,* 892 F.2d at 1183

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 26

(citing *Bell v. United Princeton Props. Inc.*, 884 F.2d 713 (3d Cir. 1988)).

The Court will first address the reasonable amount of time charged for the Plaintiffs' post-judgment monitoring efforts. The Defendants challenge the information submitted by the Plaintiffs' attorneys as being so vague as to hinder meaningful review. A party seeking reimbursement pursuant to Section 1988 must submit evidence supporting the fees requested. *Hensley*, 461 U.S. at 433. Moreover, the Supreme Court has advised that, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*.

Extensive documentation is not required in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations …. However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 27

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Third Circuit addressed the specificity of fee petitions in *Tenafly v. Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed. Appx. 93 (3d Cir. 2006) (unpublished). In that case, the Circuit addressed whether an appellant's fee petition that listed such entries as "Attn to brief" and "Attn to reply" provided the requisite level of specificity. The Court reasoned that, while greater specificity may be favored, such entries were "sufficiently clear to allow us to know the tasks to which [the appellant's attorney] devoted his time." *Tenafly*, 195 Fed. Appx. at 100. Nonetheless, the Circuit found that two entries describing the activities of the appellant's attorney did not measure up to the "sufficiently clear" standard. Specifically, the Circuit found that an entry for "attn to papers" and an entry for "attn to status" did not "provide any indication to what 'papers' or 'status' [the appellant's attorney] was attending." *Id*.

Here, several of the Francois Plaintiffs' entries fail to provide enough detail for the Court's review. The entry "Telephone and e-mail conferences with Attys. Jim Derr and S. Diase-Coffelt" and the entry "Reviewing and responding to other

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 28

attorneys re pending issues" are analogous to the entries found to be deficient by the Third Circuit in *Tenafly*. Entries that fail to provide information about the subject of the action taken by an attorney will be excluded.

The Defendants also object to the lumping of multiple activities in some of the time entries submitted by the Berne and Lindon Plaintiffs. Many of the time entries submitted by those Plaintiffs' counsel detail more than one activity per entry.

In *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990), the Third Circuit addressed a similar challenge by appellees opposing an award of attorney's fees related to entries that they asserted were improperly aggregated. In that case, the Circuit explained that, "[a]lthough by aggregating hours appellants risked reduction for excessiveness because the court may have assumed that more hours were spent on a task than were actually expended, appellants did not risk reduction for lack of specificity." *Id.* at 1191. Thus, the grouping of multiple activities does not inherently render the entries excludable. The determinative question is whether they represent excessive billing. As such, the Court will review such grouped entries to determine whether they were excessively billed.

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 29

The Court must "exclude from its initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, p.6 (1976)). All of the Plaintiffs seek reimbursement for work that was billed excessively. For example, the Defendants filed a motion to quash a notice of deposition issued to the Special Master. The Plaintiffs filed a joint opposition to the Defendants' motion. The Berne Plaintiffs seek approximately $3,000 for their efforts. The Francois Plaintiffs seek approximately $1,662 for their efforts. The Lindon plaintiffs seek approximately $375 for the review of the Defendants' motion and conversations with co-counsel about an opposition to the motion. The opposition to the motion to quash, though discussing legal authority regarding the Defendants' motion to quash and motion for protective order, consisted largely of block quotations from the Defendants' motion, the May 12, 2003 Decree, the September 11, 2008 Partial Vacatur Order, and transcript testimony from a June 19, 2009 hearing. Such instances of excessive billing will be reduced.

Additionally, fee reductions may be necessary when work is redundant. The Defendants object to the amount of time that the Plaintiffs' attorneys spent conferencing with each other. However, some degree of conferencing was unavoidable because of the submission of joint motions and oppositions by all of the

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 30

Plaintiffs. Moreover, several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g., Tenafly*, 195 Fed. Appx. at 99 (noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.") In light of the Plaintiffs' collaborative effort, the Plaintiffs' time entries do not yield examples of patently needless conferencing between lead counsel for each Plaintiff. The Court does, however, find excessive some of the intra-office conferences between the attorneys and staff representing the Francois Plaintiffs and will reduce or exclude entries associated with such conferences.

Following the assessment of a reasonable amount of time billed, the Court must next evaluate the hourly rates requested by Plaintiffs' counsel. *See Rode*, 892 F.2d 1177. The Defendants argue that the Berne Plaintiffs seek award of fees for the performance of administrative work, which should have been properly delegated and not billed at the attorneys' high hourly

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 31

rates. The Third Circuit has noted its unwillingness to authorize compensation at the high rates associated with an attorney's professional services "when a lawyer spends time on tasks that are easily delegable to non-professional assistance." *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1983). The Defendants contend that Attorney Derr failed to bill at a reduced rate or to appropriately delegate such administrative tasks as electronically filing documents. (Defs.' Opp. to Pls.' App. for Atty's Fees at 16, ECF No. 602). The Court has reviewed Attorney Derr's affidavit and found several such instances. The Court will reduce or exclude such entries.

Additionally, the Defendants identify a number of entries for which they assert that counsel for the Francois Plaintiffs, Attorneys Bornn and Thorp, charged their usual rates for the performance of clerical tasks. Attorney Thorp billed 2 hours for filing and dispatching various documents. The Court finds reduction of these and other like entries appropriate, and will reduce the time charged for such entries. *See Tenafly*, 195 Fed. Appx. 93, 101 (3d Cir. 2006) (reducing by two-thirds the amount of time an attorney could be reimbursed for time charged for performing administrative tasks such as an entry for "fax affidavit and correspondence").

*Berne Corp., et al. v. Government of the Virgin Islands, et al.*
Civil Nos. 2000-141, 2000-167, 2000-151, 2001-155, 2001-181, 2001-196, 2001-197, 2001-228, 2002-057
Memorandum Opinion
Page 32

The Defendants also contend that the Bornn Firm pervasively double-billed its clients. After a review of Attorney Bornn's affidavit, the Court finds the Defendants' argument unpersuasive. Attorney Bornn states in his affidavit that "[a]ll Statements in an individual Plaintiff's name represent one-half of the total billed in this matter and is the client's portion of the bill. It does not represent double billing." (Bornn Aff. 2, ECF No. 591-3). The Court accepts the representation of Attorney Bornn.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court will grant in part and deny in part the Plaintiffs' motion for attorney's fees and costs incurred in monitoring and ensuring compliance with the Berne Settlement and the Court's Order of May 12, 2003. An appropriate order follows.

S_____
        **Curtis V. Gómez**
        **Chief Judge**